UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAWANA JEFFER WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  24-2978 (UNA) |
| ) | |
| ) | |
| NATIONAL INSTITUTES OF HEALTH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This action brought *pro se* is before the Court on review of Plaintiff's complaint and application for leave to proceed *in forma pauperis*. For the following reasons, the Court grants the application and dismisses the complaint.

Plaintiff is a physician and professor who sues the National Institutes of Health (NIH) "for defamation and fraud." Compl., ECF No. 1 at 6; *see id*. at 16 (listing "Count I: Defamation" and "Count II: Fraud"). Allegedly on April 16, 2024, employees of NIH "made false and defamatory statements about Plaintiff" that were "published to third parties" on May 29, 2024, *id*. at 8, causing "personal, psychological, emotional, and financial injury, and loss[,]" *id*. at 9 (cleaned up). The "statements . . . were untrue and damaging to Plaintiff's reputation." *Id*. at 15. Plaintiff seeks an unspecified amount of compensatory and punitive damages and injunctive relief. *Id*. at 14.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted). It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*.; *see* Fed. R. Civ. P. 8(a) (requiring a party seeking relief in the district court to plead facts that bring the suit within the

court's jurisdiction).  As a United States agency component, NIH is immune from suit save "clear congressional consent[.]"  *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see International Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72, 82-83 (1991) (describing NIH as a federal agency subject to sovereign immunity).  A waiver of immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied."  *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned up).

Although the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1), waives the United States' immunity for certain claims demanding money damages, *see id*. §§2674, 2679-80, it "exempts from its waiver . . . any claim 'arising out of' libel or slander," which encompasses "claims for 'false light' invasion of privacy[.]"  *Edmonds v. U.S.*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006), citing 28 U.S.C. § 2680(h) (other citations omitted); *see* Compl. at 16 (referencing "Privacy Laws").  The FTCA also exempts from its waiver "any claim arising out of . . . misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680)(h).

Regardless, an FTCA claimant must exhaust administrative remedies before filing suit by presenting the claim to the appropriate federal agency and obtaining a final written denial of the claim.  28 U.S.C. § 2675(a).  If an agency fails to render a decision within six months after the claim is submitted, the claimant may proceed to court "any time thereafter" on what is "deemed" to be "a final denial."  *Id*.  Nothing suggests that Plaintiff has pursued, much less exhausted, administrative remedies under the FTCA, and in this circuit, the FTCA's presentment requirement is "jurisdictional."  *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Norton v. United States*, 530 F. Supp. 3d 1, 6-7 (D.D.C. 2021) (collecting cases).  Plaintiff establishes no other jurisdictional basis for the claims asserted.  Therefore, this case will be dismissed by separate order.



          /s/
RUDOLPH CONTRERAS
Date: February 6, 2025         United States District Judge